UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDI WILLIAMS                                          CIVIL ACTION

VERSUS

BIOMET ORTHOPEDICS, LLC,                    NO.: 16-00795-BAJ-EWD
ET AL.

## RULING AND ORDER

Before the Court are the **Motion to Remand (Doc. 8)** filed by Plaintiff and the **Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 18)** filed by Defendant Our Lady of the Lake Hospital, Inc., d/b/a Our Lady of the Lake Regional Medical Center ("OLOL"). Plaintiff seeks an order remanding the above-captioned matter to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, asserting that complete diversity does not exist among the parties. OLOL seeks an order dismissing Plaintiff's claims against it with prejudice, asserting that the claims are prescribed under Louisiana law.

The Magistrate Judge issued a Report and Recommendation (Doc. 21), recommending that Plaintiff's Motion to Remand be denied. Specifically, the Magistrate Judge found that (1) Plaintiff's claims fall within the purview of the Louisiana Medical Malpractice Act ("LMMA"); (2) Plaintiff's claims were not submitted to a medical review panel, as required by the LMMA prior to filing suit; and (3) Plaintiff's claims therefore should be dismissed for failure to exhaust the administrative remedies required by the LMMA. (*See id.*).

1

Plaintiff failed to file timely objections to the Magistrate Judge's Report and Recommendation. *See* 28 U.S.C. § 636(b)(1).

Having carefully considered the administrative record, the applicable law, Plaintiff's Memorandum in Support of Motion to Remand (Doc. 8-1), Defendants' Memorandum in Opposition to Plaintiff's Motion to Remand (Doc. 13), the Magistrate Judge's Report (Doc. 21), and Plaintiff's failure to object to the Magistrate Judge's Report and Recommendation, the Court **APPROVES** the Magistrate Judge's **Report and Recommendation (Doc. 21)** and **ADOPTS** the Report as the Court's opinion herein.

"No action for damages for injury or death against any physician [or] hospital . . . arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect. . . ." La. Rev. Stat. § 9:5628(A). "Filing a request for review of a malpractice claim . . . with any agency or entity other than the [D]ivision of [A]dministration shall not suspend or interrupt the running of prescription." *Id.* § 40:1231.8(A)(2)(a). Further, "[t]he filing of a timely lawsuit against a health care provider's alleged joint tortfeasors, who are not health care providers, does not interrupt prescription as to the health care provider." *Parrish v. Superior Energy Servs., L.L.C.*, Nos. 07-cv-2789, 08-cv-474, 2008 WL 1988800, at * 5 (E.D. La. May 2, 2008).

Plaintiff has yet to submit her claims to a medical review panel, and therefore her claims prescribed, at the latest, on August 4, 2016, one year from the death of Plaintiff's husband. *See* La. Rev. Stat. § 9:5628(A) (establishing a one-year prescriptive period for medical malpractice claims); *id.* § 40:1231.8(A)(2)(a) (establishing that the filing of a lawsuit based on claims that fall within the ambit of the LMMA prior to submitting those claims to a medical review panel "shall not suspend or interrupt the running of prescription"). (*See* Doc. 15 at p. 13). Therefore, Plaintiff's claims against OLOL have prescribed, and thus the Court shall dismiss those claims with prejudice.

The Court finds itself in a regrettable position. The facts giving rise to this lawsuit are disturbing, and Plaintiff must be grieving the loss of her husband. Plaintiff did not timely submit her claims against OLOL to a medical review panel, however, and therefore the Court is left with no choice but to dismiss those claims because they have prescribed under the law.

For the reasons explained herein and in the Magistrate Judge's Report,

**IT IS ORDERED** that the **Motion to Remand (Doc. 8)** filed by Plaintiff is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 18)** filed by Defendant Our Lady of the Lake Hospital, Inc., d/b/a Our Lady of the Lake Regional Medical Center, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims asserted against Defendant Our Lady of the Lake Hospital, Inc., d/b/a Our Lady of the Lake Regional Medical Center, are **DISMISSED WITH PREJUDICE** due to the prescription of those claims.

Baton Rouge, Louisiana, this 20th day of September, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA